UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEUN OGUNKOYA,<br>         Plaintiff,<br>  v.<br><br>COUNTY OF MONROE; SANDRA DOORLEY, individually and as District Attorney of Monroe County; MARK MONAGHAN, individually and as a Bureau Chief of Monroe County; JAMES EGAN individually and as an Assistant District Attorney of Monroe County; ALBERT DRAKE III, individually and as an investigator with the New York State Police; DARIUSZ ZYSK, individually and as a trooper with the New York State Police; MARK E. EIFERT, individually and as an investigator with the New York State Police; PETER SCHRAGE, individually and as a trooper with the New York State Police; and JOHN DOE AND RICHARD ROE (names and number of whom are unknown at present), and other unidentified members of the New York State Police,<br>         Defendants. | **ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Case No. 15-cv-6119-KAM-LB<br><br>**Jury Trial Demanded** |

   Defendants County of Monroe, Sandra Doorley, Mark Monaghan, and James Egan answer Plaintiff's Second Amended Complaint (the "Complaint") as follows:

   1.  Paragraph 1 contains Plaintiff's description of the case to which no response is required, but to the extent a response is required deny the same.

   2.  Upon information and belief, admit the allegations contained in paragraphs 4, 15, 20, 22, 44, 52, 53, and 74.

   3.  Admit the allegations contained in paragraphs 5, 7, 9, 10, 19, 47, 51, 56, 61, 62, 64, 66, 78, and 79.

   4.  Deny the allegations contained in paragraphs 6, 38, 42, 43, 68, 70, 72, 73, 75, 77, 80, 81, 83, 84, 85, 86, 88, 89, 90, 91, 92, 93, and 94.

5. Paragraphs 2 and 3 contain legal conclusions to which no response is required, but to the extent a response is required, deny the same.

6. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11, 12, 13, 14, 16, 17, 18, 21, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 40, 41, 48, 54, 57, 58, and 60 and therefore deny the same.

7. Regarding paragraph 8, admit: the Monroe County District Attorney's Office is at 47 S. Fitzhugh Street, Rochester; that Defendant Monaghan was acting under color of law during relevant times; that Plaintiff appears to sue Defendant Monaghan in his individual and official capacity; and deny the remaining allegations and state that Defendant Monaghan is an Assistant District Attorney who acts as head of the Monroe County District Attorney's Office's Economic Crimes Bureau.

8. Paragraphs 23 and 46 refer to the contents of a document and Defendants respectfully refer the Court to said document for their contents, force, and effect and otherwise deny the allegations.

9. Regarding paragraph 37, upon information and belief admit that New York State Troopers brought Plaintiff to the Henrietta Town Court on February 20 at about 10:00 p.m. and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

10. Regarding paragraph 39, upon information and belief admit Judge Beikirch arraigned Plaintiff on two complaints regarding acts in the Town of Henrietta and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

11. Regarding paragraph 45, admit Plaintiff was held in the Monroe County Jail for

more than 48 hours and deny the remaining allegations.

12. Regarding paragraph 49, admit Defendants Monaghan and Egan argued for $100,000 cash/$300,000 bond and deny the remaining allegations.

13. Regarding paragraph 50, admit Defendants Egan and Monaghan stated Plaintiff was a flight risk and deny the remaining allegations.

14. Regarding paragraph 55, admit Plaintiff's criminal lawyer emailed ADA Egan on February 27, and state the remaining allegations refer to the contents of a document and respectfully refer the Court to said document for its contents, force, and effect and otherwise deny the allegations.

15. Regarding paragraph 59, admit Plaintiff's criminal lawyer wrote to Defendant Monaghan and state the remaining allegations refer to the contents of a document and respectfully refer the Court to said document for its contents, force, and effect and otherwise deny the allegations.

16. Regarding paragraph 63, deny the allegations in the final sentence and admit the remainder.

17. Regarding paragraph 64, deny the allegations in the final sentence and admit the remainder.

18. Regarding paragraph 65, deny the allegations in the final sentence and admit the remainder.

19. Regarding paragraph 67, deny the allegations in the final two sentences and admit the remainder.

20. Regarding paragraph 95, admit that Plaintiff apparently demands a jury trial.

21. Paragraphs 69, 71, 76, 82, and 87 contain no allegations to which a response is

required because they incorporate, by reference, prior allegations. Defendants answer said paragraphs in the same manner and to the same affect they answered the allegations to which said paragraphs refer.

22. Deny every allegation not admitted, denied, or otherwise controverted above.

**First Defense**

23. Plaintiff's counts, claims and causes of action predicated upon the alleged conduct of DA Doorley and ADAs Monaghan and Egan are barred by the Eleventh Amendment to the United States Constitution.

**Second Defense**

24. DA Doorley and ADAs Monaghan and Egan have absolute immunity from liability for the claims alleged.

**Third Defense**

25. DA Doorley and ADAs Monaghan and Egan have qualified immunity from liability for the claims alleged.

**Fourth Defense**

26. DA Doorely did not authorize, condone, permit or ratify any improper or malicious conduct of any person or adopt any policy condoning such conduct.

**Fifth Defense**

27. DA Doorley has discretionary governmental immunity for the training and supervision she provided to or for ADAs Egan and Monaghan.

**Sixth Defense**

28. An award of punitive damages against DA Doorley, or ADAs Monaghan and Egan in their official capacities is improper.

### Seventh Defense

29. An award of punitive damages against individuals a municipality is required to indemnify is improper.

### Eighth Defense

30. Punitive damages cannot be awarded against the County.

**Wherefore**, Defendants Sandra Doorley, Mark Monaghan, and James Egan demand:

a. A trial by jury;

b. Judgment dismissing the complaint, with costs, disbursements, and attorney fees under 42 USC 1988; and

c. Such other relief as the Court deems just and proper.

December 19, 2017

MICHAEL E. DAVIS
Monroe County Attorney

*s/ Matthew D. Brown*
Matthew D. Brown
Senior Deputy County Attorney
*Admitted Pro Hac Vice*
*Attorney for Defendants Sandra Doorley,*
 *Mark Monaghan, and James Egan*
307 COB, 39 West Main Street
Rochester, New York 14614
(585) 753-1407
matthewbrown@monroecounty.gov

To: Daphna Frankel, Esq.
Assistant Attorney General
Office of the Attorney General
*Attorneys for Defendants Investigators Albert Drake, Mark Eifert, and*
 *Dariusz Zysk, and Trooper Peter Schrage*
120 Broadway
New York, New York 10271-0332

Adam Fee, Esq.
Milbank, Tweed, Hadley & McCloy LLP
*Attorneys for Plaintiff*
28 Liberty Street
New York, New York 10005-1413