73. No response is required to the allegations of paragraph 73 because they constitute conclusions of law. To the extent a response is required, State Defendants deny the allegations asserted in paragraph 73.

74. No response is required to the allegations of paragraph 74 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 74.

75. No response is required to the allegations of paragraph 75 because they constitute conclusions of law. To the extent a response is required, State Defendants deny the allegation asserted in paragraph 75.

## **THIRD CAUSE OF ACTION**

76. State Defendants repeat and reassert the responses contained in paragraphs 1 through 68 of this Answer, with the same force and effect as if fully set forth herein.

77. No response is required to the allegations of paragraph 77 because they constitute conclusions of law. To the extent a response is required, State Defendants deny the allegations asserted in paragraph 77.

78. No response is required to the allegations of paragraph 78 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 78.

79. No response is required to the allegations of paragraph 79 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 79, except Defendant Eifert admits that plaintiff was acquitted after trial.

80. No response is required to the allegations of paragraph 80 because they constitute conclusions of law. To the extent a response is required, State Defendants deny the allegations asserted in paragraph 80.

81. No response is required to the allegations of paragraph 81 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of) the allegations asserted in paragraph 81.

## FOURTH CAUSE OF ACTION

82. State Defendants repeat and reassert the responses contained in paragraphs 1 through 68 of this Answer, with the same force and effect as if fully set forth herein.

83. State Defendants deny the allegations asserted in paragraph 83.

84. No response is required to the allegations of paragraph 84 because they constitute conclusions of law. To the extent a response is required, State Defendants deny the allegations asserted in paragraph 84.

85. State Defendants deny the allegations asserted in paragraph 85.

86. State Defendants deny the allegations asserted in paragraph 86.

## FIFTH CAUSE OF ACTION

87. State Defendants repeat and reassert the responses contained in paragraphs 1 through 68 of this Answer, with the same force and effect as if fully set forth herein.

88. No response is required to the allegations of paragraph 88 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 88.

89. No response is required to the allegations of paragraph 89 because they constitute

conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 89.

90. No response is required to the allegations of paragraph 90 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 90.

91. No response is required to the allegations of paragraph 91 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 91.

92. No response is required to the allegations of paragraph 92 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 92.

93. No response is required to the allegations of paragraph 93 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 93.

94. No response is required to the allegations of paragraph 94 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 94.

**AS TO THE PRAYER FOR RELIEF**

95. State Defendants deny any wrongdoing, and deny that Plaintiff is entitled to any relief.

## DEFENSES

### AS AND FOR A FIRST DEFENSE

97. The Second Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

98. The allegations of the Second Amended Complaint fail to sufficiently allege a constitutional violation.

### AS AND FOR A THIRD DEFENSE

100. Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

### AS AND FOR A FOURTH DEFENSE

101. State Defendants at no time acted willfully or maliciously in disregard of Plaintiff's constitutional rights and Plaintiff, therefore, is not entitled to punitive damages or other relief.

### AS AND FOR A FIFTH DEFENSE

103. State Defendants are entitled to qualified immunity.

### AS AND FOR A SIXTH DEFENSE

104. Plaintiff's claims may be barred, in whole or in part, by the doctrine of res judicata or collateral estoppel.

### AS AND FOR A SEVENTH DEFENSE

106. The alleged conduct was properly within the discretionary authority committed to State Defendants to perform their official functions and the relief prayed for would constitute an improper intrusion into said discretionary authority.

### AS AND FOR AN EIGHTH DEFENSE

107. The injuries allegedly sustained by Plaintiff in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct these State Defendants are not responsible.

**AS TO THE JURY DEMAND**

96. State Defendants demand a jury trial.

**WHEREFORE**, Defendants respectfully request that this Court dismiss the Second Amended Complaint in its entirety, and grant such further relief as the Court deems just and proper.

Dated: New York, New York
December 21, 2018

ERIC T. SCHNEIDERMAN
Attorney General of the
State of New York
*Attorney for State Represented Defendants*
By:

_____/s/_____
Daphna Frankel
Assistant Attorney General
120 Broadway – 24th Floor
New York, NY 10271
Tel: (212) 416-8572
Fax: (212) 416-6009
Email: daphna.frankel@ag.ny.gov