UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SEUN OGUNKOYA,                                          :
                                                        :        15 Civ. 6119 (KMK)(LB)
                                        Plaintiff,      :
                                                        :        **STATE DEFENDANTS'**
                        - against -                     :         **ANSWER TO**
                                                        :        **THE SECOND AMENDED**
ALBERT DRAKE, et al.,                                   :        **COMPLAINT**
                                                        :
                                       Defendants.      :
------------------------------------------------------------------------X

   Defendants Investigator Albert Drake, III ("Inv. Drake"), Investigator Dariusz Zysk ("Inv.

Zysk"), Investigator Mark Eifert ("Inv. Eifert") and Trooper Peter Schrage ("Trooper Schrage"),

(collectively "State Defendants")[1], current employees of the New York State Police ("NYSP"), by

their attorney, Eric T. Schneiderman, Attorney General of the State of New York, as and for their

Answer to the Second Amended Complaint (Dkt No. 43),  state as follows:

## PRELIMINARY STATEMENT

   1.  No response is required to the allegations of paragraph 1 because they characterize

the complaint and conclusively summarize the allegations therein. To the extent that a response is

required, State Defendants deny the allegations asserted in paragraph 1; except admit that Plaintiff

purports to allege claims pursuant to the statute and United States constitutional amendments

identified therein and deny the allegations asserted in paragraph 1, except to the extent that they

are admitted in a paragraph below.

## JURISDICTION AND VENUE

   2.  No response is required to the allegations of paragraph 1 because they characterize

the complaint and conclusively summarize the allegations therein. To the extent that a response is

---

[1] The remaining defendants, Sandra Doorley, Mark Monaghan and James Egan, are represented by the Monroe
County Law Department

required, State Defendants deny the allegations asserted in paragraphs 2, except admit that plaintiff purports to proceed on the jurisdictional bases set forth therein.

3.      No response is required to the allegations of paragraph 1 because they characterize the complaint and conclusively summarize the allegations therein. To the extent that a response is required, State Defendants deny the allegations asserted in paragraphs 3, except admit that plaintiff purports to proceed on the venue basis set forth therein.

## THE PARTIES

4.      State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 4.

5.      State Defendants admit the allegations asserted in paragraph 5.

6.      State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 6.

7.      State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 7.

8.      State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 8.

9.      State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 9.

10.      No response is required to the allegations of paragraph 10 because they characterize the complaint.

11.      Defendant Inv. Drake admits that he is an Investigator employed by the NYSP and denies the remaining allegations asserted in the first sentence of paragraph 11.  No response is

required to the second, third and fourth sentences of paragraph 11 because they characterize the complaint and constitute conclusions of law.

12.     Defendant Inv. Zysk admits that he is employed by the NYSP and denies the remaining allegations asserted in the first sentence of paragraph 12.  No response is required to the second, third and fourth sentences of paragraph 12 because they characterize the complaint and constitute conclusions of law.

13.     Defendant Trooper Schrage admits the allegations asserted in the first sentence of paragraph 13, but denies that he is located in Canadaigua, New York. No response is required to the second, third and fourth sentences of paragraph 13 because they characterize the complaint and constitute conclusions of law.

14.     Defendant Inv. Eifert admits the allegations asserted in the first sentence of paragraph 14. No response is required to the second, third and fourth sentences of paragraph 14 because they characterize the complaint and constitute conclusions of law.

15.     No response is required to the allegations of paragraph 15 because they characterize the complaint.

## AS TO THE FACTUAL ALLEGATIONS

16.     State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 16, except admit that plaintiff was 34 years old on February 20, 2015.

17.     State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 17.

18.     State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 18, except Defendant Inv. Eifert admits that plaintiff was a Second Lieutenant in the U.S. Army National Guard.

19.     Defendant Trooper Schrage denies knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 19. Defendants Inv. Eifert, Inv. Zysk and Inv. Drake admit the allegations of paragraph 19.

20.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of allegations in paragraph 20, except Defendant Inv. Eifert admits that a criminal investigation was commenced by NYSP and that he was eventually involved, but denies that he commenced the investigation and denies that NYSP Troopers' barracks in Canandaigua County is in Monroe County.

21.     State Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 21, except Defendant Inv. Eifert admits that plaintiff used his credit card to make small purchases at the Home Depots in Greece and Henrietta at or around the time that the gift cards were purchased and that he reviewed three surveillance tapes from three Home Depots that were recorded at or around at or around the time the gift cards were purchased, and otherwise denies the allegations in paragraph 21.

22.     Except to extent that their truth is affirmatively shown by Exhibit 1 to the Complaint, which speaks for itself, State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 22. Defendant Inv. Eifert denies the allegations, but admits that he prepared six felony complaints charging plaintiff with three counts each of Identity Theft in the First Degree and Grand Larceny in the Third Degree.

4

23.     State Defendants deny the allegations of paragraph 23, except that their truth is affirmatively shown by Exhibit 1 to the Complaint, which speaks for itself.

24.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 24, except Defendants Inv. Drake and Inv. Eifert admit the allegations of paragraph 24.

25.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 25. No response is required to the second sentence of paragraph 25 because it constitutes conclusions of law.

26.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 26.

27.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 27, except that Defendants Inv. Drake and Inv. Zysk admit that they were wearing suits, plaintiff answered the door partially dressed, they showed their ID cards to plaintiff and that plaintiff invited them upstairs, they followed plaintiff upstairs and that they did not announce any plans to arrest plaintiff, and otherwise deny the allegations.

28.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 28, except that Defendants Inv. Drake and Inv. Zysk admit that plaintiff went into another room and that they followed him into the other room and otherwise deny, upon information and belief, the allegations.

29.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 29, except that Defendants Inv. Drake and Inv. Zysk admit that they escorted plaintiff to their car, and Defendant Inv. Drake denies that plaintiff informed him that he would like to consult with a lawyer.

30.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 30, except that Defendant Inv. Drake denies the allegations.

31.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 31, except that Defendant Inv. Drake denies the allegations.

32.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 32, except that Defendant Inv. Drake denies the allegations.

33.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 33, except that Defendants Inv. Drake and Trooper Zysk admit that they did not speak with Plaintiff about the identity fraud investigation at the station house or arrange for a lawyer to represent him.

34.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 34, except that Defendants Inv. Drake and Inv. Zysk admit that they did not take plaintiff to a "a nearby magistrate" for arraignment and note that Brooklyn was not a proper venue for arraignment of the charges.

35.     State Defendants deny the allegations in the first sentence of paragraph 35, State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in the remaining sentences of paragraph 35, except that Defendant Inv. Drake admits the allegations asserted in the second sentence.

36.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 36. Defendants Trooper Schrage and Inv. Eifert

deny that plaintiff was taken to the office of NYSP in Canadaigua County, New York and admit that they spoke on the telephone.

37.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 37, except that Defendant Trooper Schrage admits the allegations, except denies, on information and belief, that another New York State Trooper was present.

38.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 38, except that Defendant Trooper Schrage denies the allegations.

39.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 39, except that Defendant Trooper Schrage denies, upon information and belief, the allegations asserted in the first sentence of paragraph 39, but admits the allegations in the second sentence of paragraph 39.

40.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 40, except that Defendant Trooper Schrage denies, upon information and belief, the allegations.

41.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 41, except that Defendant Trooper Schrage denies that Judge Beikirch instructed him to take plaintiff for arraignment on the remaining four complaints before judges in Greece and Irondequoit and denies knowledge and information sufficient to form a belief as to the exact words used by the judge at plaintiff's arraignment at this time, and denies the allegation of the second sentence of paragraph 41.

42.    Defendant Trooper Schrage denies the allegations asserted in paragraph 42, except admits that he did not take plaintiff for arraignment before judges in the towns of Greece and Irondequoit. State Defendants Inv. Drake, Inv. Zysk and Inv. Eifert deny that they made any representations to the court, and otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 42.

43.    State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 43.

44.    State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 44, except that Defendant Trooper Schrage admits the allegations.

45.    State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 45. No response is required to the allegations in the second sentence of paragraph 45 because they constitute conclusions of law.

46.    State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 46.

47.    State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 47.

48.    State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 48.

49.    State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 49.

50.    State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 50.

51.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 51.

52.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 52.

53.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 53.

54.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 54.

55.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 55.

56.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 56.

57.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 57.

58.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 58.

59.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 59.

60.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 60.

61.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 61.

62.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 62.

63.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 63.

64.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 64.

65.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 65.

66.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 66, except that Defendant Inv. Eifert admits the allegations asserted in paragraph 66.

67.     State Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations asserted in paragraph 67.

68.     State Defendants deny the allegations asserted in paragraph 68.

## FIRST CAUSE OF ACTION

69.     State Defendants repeat and reassert the responses contained in paragraphs 1 through 68 of this Answer, with the same force and effect as if fully set forth herein.

70.     State Defendants deny the allegations asserted in paragraph 70.

## SECOND CAUSE OF ACTION

71.     State Defendants repeat and reassert the responses contained in paragraphs 1 through 68 of this Answer, with the same force and effect as if fully set forth herein.

72.     State Defendants deny the allegations asserted in paragraph 72.

73.      No response is required to the allegations of paragraph 73 because they constitute conclusions of law. To the extent a response is required, State Defendants deny the allegations asserted in paragraph 73.

74.      No response is required to the allegations of paragraph 74 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 74.

75.      No response is required to the allegations of paragraph 75 because they constitute conclusions of law. To the extent a response is required, State Defendants deny the allegation asserted in paragraph 75.

<u>**THIRD CAUSE OF ACTION**</u>

76.      State Defendants repeat and reassert the responses contained in paragraphs 1 through 68 of this Answer, with the same force and effect as if fully set forth herein.

77.      No response is required to the allegations of paragraph 77 because they constitute conclusions of law. To the extent a response is required, State Defendants deny the allegations asserted in paragraph 77.

78.      No response is required to the allegations of paragraph 78 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 78.

79.      No response is required to the allegations of paragraph 79 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 79, except Defendant Eifert admits that plaintiff was acquitted after trial.

80.     No response is required to the allegations of paragraph 80 because they constitute conclusions of law. To the extent a response is required, State Defendants deny the allegations asserted in paragraph 80.

81.     No response is required to the allegations of paragraph 81 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of) the allegations asserted in paragraph 81.

## FOURTH CAUSE OF ACTION

82.     State Defendants repeat and reassert the responses contained in paragraphs 1 through 68 of this Answer, with the same force and effect as if fully set forth herein.

83.     State Defendants deny the allegations asserted in paragraph 83.

84.     No response is required to the allegations of paragraph 84 because they constitute conclusions of law. To the extent a response is required, State Defendants deny the allegations asserted in paragraph 84.

85.     State Defendants deny the allegations asserted in paragraph 85.

86.     State Defendants deny the allegations asserted in paragraph 86.

## FIFTH CAUSE OF ACTION

87.     State Defendants repeat and reassert the responses contained in paragraphs 1 through 68 of this Answer, with the same force and effect as if fully set forth herein.

88.     No response is required to the allegations of paragraph 88 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 88.

89.     No response is required to the allegations of paragraph 89 because they constitute

conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 89.

90.    No response is required to the allegations of paragraph 90 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 90.

91.    No response is required to the allegations of paragraph 91 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 91.

92.    No response is required to the allegations of paragraph 92 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 92.

93.    No response is required to the allegations of paragraph 93 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 93.

94.    No response is required to the allegations of paragraph 94 because they constitute conclusions of law. To the extent a response is required, State Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 94.

<u>**AS TO THE PRAYER FOR RELIEF**</u>

95.    State Defendants deny any wrongdoing, and deny that Plaintiff is entitled to any relief.

## DEFENSES

### AS AND FOR A FIRST DEFENSE

97.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

98.     The allegations of the Second Amended Complaint fail to sufficiently allege a constitutional violation.

### AS AND FOR A THIRD DEFENSE

100.    Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

### AS AND FOR A FOURTH DEFENSE

101.    State Defendants at no time acted willfully or maliciously in disregard of Plaintiff's constitutional rights and Plaintiff, therefore, is not entitled to punitive damages or other relief.

### AS AND FOR A FIFTH DEFENSE

103.    State Defendants are entitled to qualified immunity.

### AS AND FOR A SIXTH DEFENSE

104.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of res judicata or collateral estoppel.

### AS AND FOR A SEVENTH DEFENSE

106.    The alleged conduct was properly within the discretionary authority committed to State Defendants to perform their official functions and the relief prayed for would constitute an improper intrusion into said discretionary authority.

### AS AND FOR AN EIGHTH DEFENSE

107.    The injuries allegedly sustained by Plaintiff in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct these State Defendants are not responsible.

### AS TO THE JURY DEMAND

96.    State Defendants demand a jury trial.


**WHEREFORE**, Defendants respectfully request that this Court dismiss the Second Amended Complaint in its entirety, and grant such further relief as the Court deems just and proper.

Dated: New York, New York
       December 21, 2018

ERIC T. SCHNEIDERMAN
Attorney General of the
State of New York
*Attorney for State Represented*
*Defendants*
By:


_____/s/_____
Daphna Frankel
Assistant Attorney General
120 Broadway – 24th Floor
New York, NY 10271
Tel: (212) 416-8572
Fax: (212) 416-6009
Email: daphna.frankel@ag.ny.gov