

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEUN OGUNKOYA,

                         Plaintiff,

v.

COUNTY OF MONROE; SANDRA DOORLEY, individually and as District Attorney of Monroe County; MARK MONAGHAN, individually and as a Bureau Chief of Monroe County; JAMES EGAN, individually and as an Assistant District Attorney of Monroe County; ALBERT DRAKE III, individually and as investigator with the New York State Police; DARIUS ZYSK, individually and as a trooper with the New York State Police; MARK E. EIFERT, individually and as an investigator with the New York State Police; PETER SCHRAGE, individually and as a trooper with the New York State Police; and JOHN DOE AND RICHARD DOE (names and number of whom are unknown ), and other unidentified members of the New York State Police,

                         Defendants.

Civil Action No. 15-CV-06119 (KAM)(LB)

/S/Judge L. Bloom 11/6/18

AMENDED STIPULATION AND PROTECTIVE ORDER

LOIS BLOOM, United States Magistrate Judge:

    The parties agree to these terms of confidentiality, and the Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase, therefore it is:

    ORDERED that any person subject to this Order—including without limitation the parties, their representatives, agents, experts, and consultants, all third parties providing discovery, and all other interested persons with actual or constructive notice of this Order—shall adhere to these terms:

    1.    Any person subject to this Order who receives "Discovery Material" (*i.e.*, information provided in discovery in this action) designated as "Confidential" shall not disclose such Confidential Material except as permitted by this Stipulation and Order.

    2.    Confidential Material, or information derived therefrom, shall be used solely for this

1

Litigation and not for any other purpose, including, without limitation, any business or commercial purpose.

3. The party producing Discovery Material may designate as Confidential documents and information that contain:

    (a) personal health or medical information;

    (b) personal financial information, including but not limited to tax returns and salary;

    (c) information of a personal or intimate nature regarding any individual;

    (d) other information of a proprietary or confidential nature within the meaning of Federal Rule of Civil Procedure 26; or

    (e) any other category of information given confidential status by the Court.

4. Regarding the Confidential portion of Discovery Material other than deposition transcripts and exhibits, the producing party may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within thirty (30) days of receipt of the transcript. Prior to the expiration of such 30-day period (or when such designation is made if done in a shorter period of time), deposition testimony and exhibits shall be treated as Confidential Material. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If prior to trial a producing party realizes portion[s] of Discovery Material previously produced without limitation should be designated as Confidential, the party may so designate that material by notifying all parties in writing, and such material will be treated as Confidential under this Order. In addition, the producing party shall provide each party with replacement versions of such Discovery Material bearing the "Confidential" designation within two (2) business days of

providing such notice.

6. No party subject to this Order other than the producing party shall disclose the Discovery Material designated as Confidential to any other person, except to:

(a) the parties and, regarding Discovery Material designated as Confidential produced by a non-party, also to such non-party;

(b) counsel retained for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in this action;

(f) persons engaged to transcribe depositions conducted in this action;

(g) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its support personnel; and

(i) any other person whom the producing person, or other person designating the Discovery Material as "Confidential," agrees in writing may have access to such Discovery Material.

7. Prior to disclosure of Confidential Material under subparagraphs 6(d) or 6(e) above, such person shall be provided with a copy of this Protective Order. The parties shall maintain a list of persons receiving Confidential Material.

8. A Party wishing to file a pleading, motion, or other document containing Confidential Material shall follow the sealing rules of the United States District Court for the Eastern District of New York.

9. If a Party produces Discovery Material containing content identical to or substantially

similar to content in material produced by another Party, and the designation (Confidential or no designation) by the respective Parties differ, then the designation providing for the greatest protection will apply.

10. The terms of this Stipulation and Protective Order are applicable to Discovery Material produced by a non-party and designated as Confidential. Such Discovery Material produced by non-parties in connection with this action is protected by the remedies and relief provided by this Stipulation and Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

11. A Party that issues a non-party subpoena ("Issuing Party") shall include a copy of this Stipulation and Protective Order with the subpoena and request that the non-party produce Discovery Material in accordance with the specifications set forth herein.

12. The Issuing Party is responsible for producing to all other Parties any Discovery Material obtained pursuant to a subpoena to any non-party. To the extent practical given the data volume, productions by a non-party should be produced by the Issuing Party to all other Parties within three (3) business days of the non-party's production to the Issuing Party.

13. Nothing in this Stipulation and Protective Order is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or non-parties to the subpoena.

14. The following procedures apply to disputes arising from designating Discovery Material as Confidential Material under this Stipulation and Order:

  (a) If a Party disagrees with the Designating Party's Confidential designation, it shall promptly inform counsel for the Designating Party in writing, served by facsimile, e-mail, U.S. Mail, or hand delivery, of the objection, which shall describe the specific documents or information in question and state the grounds for objection.

  (b) The parties will confer in a good faith effort to resolve the dispute without

Court intervention.

    (c)    If the dispute is not resolved, the objecting Party may invoke the Court rules and procedures for raising discovery disputes. The Designating Party shall bear the burden of proving Discovery Material was designated properly as Confidential Material.

    (d)    If a discovery dispute is raised under this paragraph, the Discovery Material subject to dispute shall be treated as Confidential Material until the dispute is resolved.

15. This Stipulation and Order does not affect, and shall not apply to, the Designating Party's use of its own Confidential Material. If the Designating Party files Confidential Material outside the process provided in this Stipulation and Order, the designation is deemed withdrawn regarding such Discovery Material only.

16. If a receiving party seeks to use Confidential Material during any hearing or trial, including through argument or presentation of evidence, the Parties will not argue such information automatically loses its status as Confidential Material through such use.

17. Each person with access to Confidential Material shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Any party that receives from a non-party a demand or request for disclosure of another party's Confidential Material to someone not listed in Paragraph 6 ("third party") shall, within ten (10) days of receipt, give written notice of the demand or request to the producing party, unless giving such notice would violate a law or court order. If the producing party gives notice that it opposes production of its Confidential Material, the receiving party shall object to the demand or request, citing this Order, and shall not produce such Confidential Material, except as Court-ordered or required by law. The producing party shall be responsible for pursuing any objection to the requested production. The receiving party agrees to cooperate with the producing party in resisting the demand or request.

19. If, in connection with this litigation and despite a producing person taking reasonable

steps to prevent the disclosure of information it claims is subject attorney-client or attorney work-product privilege, a party inadvertently discloses information subject to attorney-client or attorney work-product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection regarding the Inadvertently Disclosed Information and its subject.

20. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and advise counsel that all such information was returned or destroyed.

21. Within ten business days of the notification that such Inadvertently Disclosed Information was returned or destroyed, the disclosing party shall produce a privilege log regarding the Inadvertently Disclosed Information.

22. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

23. During the pendency of this case, this Court shall retain jurisdiction over all persons subject to this Order to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

/s/ Elise Kent Bernanke
Elise Kent Bernanke
Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street
New York, NY 10005
ebernanke@milbank.com
Tel: (212) 530-5000
*Attorney for Plaintiff*

/s/ Matthew D. Brown
Matthew D. Brown
Monroe County Law Department
39 West Main Street, Room 307
Rochester, New York 14614
Matthewbrown@monroecounty.gov
Tel: (585) 753-1407
*Attorney for County Defendants*

/s/ Daphna Frankel
Daphna Frankel
Office of the Attorney General
120 Broadway
New York, New York 10271
Daphna.frankel@ag.ny.gov
Tel: (585) 753-1407
*Attorney for State Defendants*

# SO ORDERED.

New York, New York
November 6, 2018

/S/ Judge Lois Bloom

LOIS BLOOM
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEUN OGUNKOYA,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF MONROE; SANDRA DOORLEY, individually and as District Attorney of Monroe County; MARK MONAGHAN, individually and as a Bureau Chief of Monroe County; JAMES EGAN, individually and as an Assistant District Attorney of Monroe County; ALBERT DRAKE III, individually and as investigator with the New York State Police; DARIUS ZYSK, individually and as a trooper with the New York State Police; MARK E. EIFERT, individually and as an investigator with the New York State Police; PETER SCHRAGE, individually and as a trooper with the New York State Police; and JOHN DOE AND RICHARD DOE (names and number of whom are unknown at present), and other unidentified members of the New York State Police,<br><br>        Defendants. | Civil Action No. 15-CV-06119<br>(KAM)(LB)<br><br><br>UNDERTAKING |

   I,_____, acknowledge that I read and understand the Protective Order governing the non-disclosure of those portions of Discovery Material designated as Confidential. I agree that I will not disclose such Confidential Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it, or destroy such material at the appropriate time.

Dated: \_\_\_\_\_                     _____